MILLS, Judge.
Pizarro appeals from a judgment of conviction based on a jury verdict finding him guilty of assault to commit involuntary sexual battery by use of threats or violence likely to cause serious personal injury, and from a sentence of fifteen years imprisonment.
We are called on to construe Section 775.011(3), Florida Statutes, which became effective on 1 October 1975, and provides:
*790 “(3) In any case pending on or after October 1, 1975, involving an offense committed prior to such date, the provisions of the code involving any quasi-procedural matter shall govern, insofar as they are justly applicable, and the provisions of the code according a defense or mitigation or establishing a penalty shall apply only with the consent of the defendant.”
The offense for which Pizarro was convicted occurred on 29 March 1975. The jury returned its verdict on 25 July 1975, and he was adjudicated guilty by the trial court on the same date. He was sentenced on 4 September 1975. On 16 September 1975, he filed a notice of appeal to this Court.
The offense for which Pizarro was found guilty was prohibited by Section 784.06, Florida Statutes. However, this statute was repealed effective 1 July 1975. On that date, Section 775.011(2), Florida Statutes, became effective. It provides:
“(2) Except as provided in subsection (3), the code does not apply to offenses committed prior to July 1, 1975, and prosecutions for such offenses shall be governed by the prior law. For the purposes of this section, an offense was committed prior to July 1; 1975, if any of the material elements of the offense occurred prior thereto.”
Pizarro argues that if only the provisions of Section 775.011(2), Florida Statutes, were applicable, the court correctly adjudicated him guilty and sentenced him. But, because of the provisions of Section 775.011(3), Florida Statutes, the trial court erred, because his case was pending in this Court after 1 October 1975, and after that date there was no provision for a penalty for the offense of which he was found guilty.
“Pending”, as used in the statute, refers to trial and not to appeal. This legislative intention can be gathered from the use of the words, “defense”, “mitigation”, and “establishing a penalty”, used in the latter part of the statute. These words are applicable to the trial level only, not the appellate level. Therefore, this case was not pending in the trial court after 1 October 1975.
The statute uses the words “justly applicable”. To give these words their usual meaning, we are compelled to conclude that the legislature did not mean for a defendant to escape punishment for a crime of which he was convicted because the criminal code overlooked providing a penalty.
The Court did not err in sentencing Piz-zaro to fifteen years imprisonment, because his case was not pending in the trial court after 1 October 1975; therefore, the adjudication and the penalty imposed by the court were governed by Section 775.-011(2), Florida Statutes.
The judgment of conviction and sentence are affirmed.
BOYER, C. J., concurs.
McCORD, J., concurs specially.